**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LURONZO FOREHAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:26-cv-1095-STA-jay** |
| | ) | |
| **NEXTAFF OF JACKSON,** | ) | |
| **TENNESSEE, LLC;** | ) | |
| **LISA MYERS; and** | ) | |
| **NEXTAFF GROUP, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON NOTICE OF SETTLEMENT
## ORDER GRANTING JOINT RULE 21 MOTION TO DROP PARTIES
## ORDER DENYING PENDING MOTIONS AS MOOT (ECF NOS. 25, 27, 34)

Before the Court is a Notice of Settlement (ECF No. 39) filed on October 14, 2026, by Plaintiff Luronzo Forehand and Defendants Nextaff of Jackson, Tennessee[1] and Lisa Meyers. The parties report that they have reached an out-of-court settlement to resolve their dispute. Local Rule 83.13 requires the parties to a civil action to promptly notify the Court whenever they reach an agreement to settle their dispute. The parties' Notice of Settlement satisfies the requirements of Local Rule 83.13. The Rule goes on to give the parties 28 days to file a notice of voluntary

[1] The Joint Motion reports that Plaintiff has reached a settlement with "Southern Staffing, LLC (Nextaff of Jackson, TN)." Defendant Nextaff of Jackson, Tennessee recently argued in a motion to dismiss that Southern Staffing, LLC was the proper party to be named, not Nextaff of Jackson, Tennessee. The United States Magistrate Judge has issued a Report and Recommendation (ECF No. 34) on the motion to dismiss, noting that the entity doing business as "Nextaff of Jackson, TN" is Southern Staffing, LLC and recommending that the Court substitute Southern Staffing, LLC as a Defendant in place of Nextaff of Jackson, Tennessee. Technically, the parties' Notice of Settlement now renders the motion to dismiss moot. Nevertheless, the Court notes for the record that Plaintiff has agreed to settle his claims against Southern Staffing, LLC, which Plaintiff identified in his pleadings as Nextaff of Jackson, Tennessee.

dismissal or stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a). In this case, the settling parties have moved pursuant to Federal Rule of Civil Procedure 21 to drop Defendants Nextaff of Jackson, Tennessee and Lisa Meyers as parties to the case.

Rule 21 permits a court "[o]n motion or on its own" to add or drop a party or sever a claim against a party. Fed. R. Civ. P. 21. The parties' request to "drop" Nextaff of Jackson, Tennessee and Ms. Meyers as parties is the kind of relief available under Rule 21. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.").[2] Therefore, the Joint Motion is **GRANTED**. The Court **DISMISSES** Plaintiff's claims against both Defendants with prejudice. The Clerk of Court is hereby directed to terminate Nextaff of Jackson, Tennessee and Lisa Meyers as parties to this action.

This just leaves Plaintiff's claims against Nextaff Group, LLC. The Magistrate Judge has

---

[2] As the parties acknowledge, some courts within the Sixth Circuit have interpreted Rule 21 to apply when a plaintiff seeks to dismiss a single party but not the entire suit. This Court has taken a different view. *In re AME Church Empl. Ret. Fund Litig.*, No. 1:22-md-03035, 2025 WL 2522969, at *4 (W.D. Tenn. Sept. 2, 2025) (finding that Rule 41 provides the correct procedural device for the dismissal of a party).

The Court would note that last year the Advisory Committee proposed two amendments to Rule 41(a), one of which "adds additional flexibility for litigants by explicitly permitting the dismissal of one or more claims in an action, rather than only the entire action, as the text of the current rule suggests." Excerpt from the Report of the Advisory Committee on Civil Rules, May 15, 2025, https://www.uscourts.gov/sites/default/files/document/preliminary-draft-of-proposed-amendments-to-federal-rules_august2025.pdf. More recently, the Judicial Conference of the United States has adopted the proposed amendments as part of a process that would have the amendments take effect next year. *See* Rep. of Jud. Conf. Committee on Rules of Prac. & Proc., Sept. 1, 2026 ("The proposed amendments to Rule 41(a) clarify that a plaintiff may obtain a voluntary dismissal of one or more claims raised in a complaint without dismissing the entire action. This change responds to decisions in some courts interpreting the current language to mean that only an entire case, that is, all claims against all defendants, or only all claims against one or more defendants, could be dismissed under the rule.").

set a hearing on Plaintiff's Motion for Default Judgment (ECF No. 20) against Nextaff Group, LLC for November 3, 2026. The dismissal of Nextaff of Jackson, Tennessee and Lisa Meyers has no effect on Plaintiff's remaining claims against Nextaff Group, LLC or his Motion for Default Judgment against that party.

Finally, the parties' settlement has rendered the following motions moot: Defendants' Motion to Dismiss (ECF No. 25), Plaintiff's Motion for Hearing on the Motion to Dismiss (ECF No. 27), and the Magistrate Judge's Report and Recommendation on the Motions (ECF No. 34). Therefore, the Clerk of Court is also directed to terminate the pending Motions and the Report and Recommendation as moot.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 15, 2026